IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kenneth L. Edwards, | ) Civil Action No.: 2:11-03518-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| State of Washington; ) | |
| David Stillman, *Director of (DCS)* ) | |
| *Division of Child Support;* ) | |
| South Carolina Department of Social Services; ) | |
| Child Support Enforcement Special Collections Unit; ) | |
| Margaret C. Watford, *Individually and as Assistant* ) | |
| *Project Manager;* ) | |
| Patricia N. Conlon, *Clerk of Court Kalamazoo* ) | |
| *County, 9th Judicial Circuit;* ) | |
| State of Michigan; ) | |
| Carmento M. Floyd, *aka* Carmento M. Edwards, ) | |
| *Individually and as Assignor of the Defendants;* ) | |
| Elson Floyd, *Individually and as a Co-conspirator;* ) | |
| John M. Magera, *Individually and as an employee* ) | |
| *of South Carolina Department of Social Services;* ) | |
| Paul F. LeBarron, *Individually and as an employee* ) | |
| *of the South Carolina Department of Social Services;* ) | |
| Lillian B. Koller, *Director of the South Carolina* ) | |
| *Department of Social Services;* ) | |
| Julie J. Armstrong, *Clerk of Court* ) | |
| *Charleston County Family Court Division,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se plaintiff, Kenneth L. Edwards, a resident of Hollywood, South Carolina, filed this federal civil action based on state court litigation regarding an arrearage in his court-ordered child support. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and



Page 1 of 3

a report and recommendation. On January 5, 2012, the magistrate judge issued a report and recommendation, finding that the plaintiff had not set forth allegations sufficient to state a cognizable claim, and recommending that the complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 10). The magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by

reference in this Order. The plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

April 11, 2012
Charleston, South Carolina